## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KIM M. BORRELLI, on behalf of themselves
and all others similarly situated,**

              **Plaintiffs,**                    **CASE NO.:  6:11-cv-1453-ORL-28DAB**

**vs.**

**DAYTONA BEACH KENNEL CLUB, INC.,
a Florida Corporation**

              **Defendant.**

_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED AS COLLECTIVE ACTION AGAINST DEFENDANT WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, Daytona Beach Kennel Club, Inc. ("DBKC"), by and through its undersigned counsel, hereby files this Memorandum in Opposition to the Plaintiff's Motion to Proceed as Collective Action Against Defendant with Incorporated Memorandum of Law ("Plaintiff's Motion").  For the reasons stated below, the Plaintiff's Motion should be denied.

## INTRODUCTION

The Plaintiff attempts to conditionally certify a class of "all present and former poker dealers that the Defendant claimed a 'tip-credit' for who were required to disclose a portion of tips to non-tipped employees of the Defendant."  See Plaintiff's Motion at Exh. A.  In doing so, the Plaintiff seeks an extraordinary application of this Court's discretionary powers.  Not surprisingly, this case has been ongoing for almost eight months (since September

2011)[1] and the Plaintiff has failed to identify any genuine interest by others in joining her proposed class.  Since the filing of the Complaint, only two individuals, John Henninghan and Michael Williams, have opted in.  <u>See</u> Dkt. No. 23.  Moreover, the Plaintiff's Motion attaches only one new affidavit of a dealer, Joshua Ming, who claims "if [he] were made aware of a potential lawsuit, [he] would opt-in to join the matter (<u>see</u> Plaintiff's Motion at Exh. E, ¶ 6), and that Ming is aware of an additional, potential opt-in, Michael Limberg, who may join if notified.  <u>Id.</u> at ¶ 7.  Overall, the "evidence" offered by the Plaintiff is weak and primarily consists of rank speculation and broad generalizations as to knowledge of unnamed others who may wish to opt in to the suit.   Also of significant import is the fact that the Plaintiff, herself, has failed to file a consent to join to commence this action as required under 29 U.S.C. section 256.  Without the requisite showing by the Plaintiff that other aggrieved individuals want to opt in to the lawsuit, conditional certification is inappropriate.

Additionally, an attempt to certify the virtually identical class of poker dealers was previously attempted and failed against the same Defendant by the same Plaintiff's counsel in <u>Biondolillo vs. Daytona Beach Kennel Club</u>, Case No. 6:08-CV-1964-Orl-22KRS.  <u>See</u> Dkt. Nos. 35 (Amended Report and Recommendation by Judge Spaulding denying Plaintiff's Motion to Proceed as Collective Action Against Defendant); and 38 (Order by Judge Conway approving and adopting Amended Report and Recommendation).  Thereafter, the Plaintiff's counsel brought another suit against the Defendant on behalf of poker dealers, <u>Hanson, et al. v. Daytona Beach Kennel Club</u>, Case No. 6:10-CV-481-Orl-22DAB, again

---

[1] The Plaintiff's Motion erroneously states the case was filed on March 4, 2011.  <u>See</u> Plaintiff's Motion, p. 1, ¶ 1.

making identical allegations. That case was eventually resolved with a settlement involving 20 poker dealers.[2]   Clearly, the past litigation demonstrates that any poker dealers who arguably might have been interested in joining the instant case have already participated in previous litigation that has occurred over the past four years. This further bolsters the Defendant's position that there is no genuine collective interest by others to join this case. Accordingly, the Plaintiffs' Motion should be denied.

## ARGUMENT

**I.     THE PLAINTIFF HAS FAILED TO PROFFER SUFFICIENT EVIDENCE SUGGESTING THAT OTHER SIMILARLY SITUATED INDIVIDUALS WISH TO OPT IN.**

Although it is, by now, axiomatic, it bears repeating that courts do not possess the absolute power to authorize, and the Plaintiff does not have the unqualified right to send, notice to potential class members in every collective action case under the FLSA.  See 29 U.S.C. § 216(b); Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 173-74 (1989):

> District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to [Section] 216(b) of the FLSA . . . .  **The power to authorize must, however, be exercised with discretion and only in appropriate cases.**

Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 361 (M.D. Ala. 1999) (emphasis added) (citing Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983)); see also Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).

In determining whether to grant conditional certification as a collective action, "the district court makes a decision -- usually based only on the pleadings and any affidavits

---

[2] The Plaintiffs never filed a motion for conditional certification in the Hanson case.

which have been submitted -- whether notice of the action should be given to potential class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). At this juncture – known as the "notice stage" – the Court should "determine whether: 1) there are other employees who desire to opt in to the action; and 2) the employees who desire to opt in are 'similarly situated.'" Barten v. KTK & Associates, Inc., 2007 WL 2176203, *2 (M.D. Fla. July 26, 2007) (citing Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). While this "determination is made using a fairly lenient standard . . . the plaintiff must offer 'detailed allegations supported by affidavits.'" Id. (citations omitted); Rappaport v. Embarq Mgt. Co., 2007 WL 4482581, * 4 (M.D. Fla. Dec. 18, 2007) (recognizing that, while the burden at the notice stage is low, "it is not invisible").

Ultimately, the Plaintiff has the burden of satisfying the Court that there are, in fact, other employees who are similarly situated and who desire to opt in to the action. Hipp, 252 F.3d at 1219; Barten, 2007 WL 2176203 at *2; Dybach, 942 F.2d at 1567 (district court "should satisfy itself that there are other employees . . . who desire to 'opt in'" before conditionally certifying collective action); White v. Kcpar, Inc., 2006 WL 1722348, *3 (M.D. Fla. June 20, 2006) (citations omitted) ("A showing that others desire to opt in is required before certification and notice will be authorized by the court." ); Parker v. Rowland Express, Inc., 492 F. Supp.2d 1159, 1165 (D. Minn. 2007) ("a plaintiff must do more than show the mere existence of other similarly situated persons"); Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp.2d 1211, 1220 (M.D. Fla. 2003) ("unsupported accusations that additional plaintiffs will subsequently come forward are insufficient to justify [collective action] notice"); Simmons v. T-Mobile USA, Inc., 2007 WL 210008, *9 (S.D. Tex. Jan. 24, 2007) ("[o]thers' interest in joining the litigation is relevant to whether or not to put a

defendant employer to the expense and effort of notice to a conditionally certified class of claimants"); Lance v. The Scotts Co., 2005 WL 1785315, *9 (N.D. Ill. July 21, 2005) (relying on Dybach to deny conditional certification where plaintiff "failed to come forward with evidence other than his own hearsay" that others desired to opt in); Hargrove v. Sykes Enters., Inc., 1999 WL 1279651,*4 (D. Or. June 30, 1999) (denying motion for certification because, among other things, there was "an insufficient basis for inferring that other potential plaintiffs would wish to opt in to the proposed class"); O'Donnell v. Robert Half Int'l Inc., 534 F. Supp.2d 173, 179 (D. Mass. 2008) ("[t]his Court has . . . held and holds again today that Plaintiff must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit").

In Parker, for example, the plaintiffs asked the court to conditionally certify a class of drivers, claiming that they were improperly classified as independent contractors, not employees, and denied overtime compensation.   492 F. Supp.2d at 1162.   Although the plaintiffs proffered their own affidavits, testifying that they were "informed and believe" that other drivers worked in excess of 40 hours per week, they submitted no evidence that any one would actually seek to join them as opt-ins in their lawsuit, claiming that if they were required to proffer such evidence, they would be placed in the "ultimate chicken and egg dilemma . . . .  [T]he only way they can proffer evidence that other drivers seek to opt in to this litigation is to obtain conditional certification, discover the identities of other driver, and then send notice of this action to the other drivers."  Id. at 1166.  While recognizing that the plaintiffs' burden was not, at the notice stage, onerous, the Parker court squarely rejected the plaintiffs' argument, finding that the case was not "appropriate for collective action status – it [was] simply a lawsuit involving two plaintiffs:"

> If an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit) it would "render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated.' Under this rationale, any plaintiff is denied overtime may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[]. This is, at best, an inefficient and over broad application of the opt-in system, and at worst it places a substantial and expense burden on a defendant . . . . More importantly, automatic preliminary certification is at odds with the Supreme Court's recommendation to 'ascertain the contours of the [§ 216] action at the outset.'"

Id. at 1165-6 (quoting Smith v. Sovereign Bancorp., Inc., No. Civ. A. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003)).

Additionally, at all times, the Plaintiff bears the burden of demonstrating a "reasonable basis" for crediting the assertions that other interested employees in the class exist and are similarly situated. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Rappaport, 2007 WL 4482581 at *5. To that end, Plaintiff's counsel's unsupported assertions and a plaintiff's self-serving beliefs that other employees are similarly situated are insufficient to meet this burden. Morgan, 551 F.3d at 1261; Hoffer v. Ocwen Loan, 2009 WL 1404696, *2 (S.D. Fla. May 19, 2009) (finding that affidavits filed were speculative and had "tincture of lawyer-speak"); Parilla v. Allcom Construction & Installation, 2009 WL 1456442, *2 (M.D. Fla. May 22, 2009) (denying motion for conditional certification because it rested solely on conclusory allegations and affidavit of plaintiff himself). For instance, in Hoffer, the court considered two affidavits with the following statement:

> I am aware of other loan resolution consultants who have expressed an interest in joining the lawsuit, have complained about the practices forming the basis

of the suit, and/or are fearful of joining without an assurance from the Court
that retaliation is prohibited.

Hoffer, 2009 WL 1404696 at *2.   The Hoffer court found that the two affidavits were
insufficient because they did not identify who the other employees were, how they were
similarly situated, or whether they actually were interested in joining the lawsuit.   Id.
("unwilling to find that similarly situated employees exist[ed] on the basis of that once-
echoed statement recited above," instead finding that it was "all left to guess-work").

In this case, the Plaintiff has not proffered sufficient evidence that members of her
potential class are similarly situated and would actually seek to join her in this lawsuit.   In
fact, the Plaintiff has failed even to file her own consent to join, as required under 29 U.S.C.
section 256 to commence this action.[3]   The Plaintiff's affidavit, as well as the affidavits of
opt-ins Henninghan and Williams, are self-serving and speculative, and state, in conclusory
fashion that they are "aware of additional poker dealers who wish to opt-in to this lawsuit if
notified."   Plaintiff's Motion at Exh. B, ¶ 6; Exh. C, ¶ 6; Exh. D, ¶ 6.   As in Hoffer, all three
identical affidavits fail to identify who any of these individuals are or whether and how they

---

[3]   Pursuant to 29 U.S.C. section 256, an action is commenced "… on the date when the
complaint is filed; except that in the case of a collective or class action instituted under the
Fair Labor Standards Act ... it shall be considered to be commenced in the case of any
individual claimant--

(a) on the date when the complaint is filed, if he is specifically named as a party
plaintiff in the complaint and his written consent to become a party plaintiff is filed on such
date in the court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear-on the
subsequent date on which such written consent is filed in the court in which the action was
commenced."

29 U.S.C. § 256.

are similarly situated.  The only other affidavit offered of Joshua Ming parrots the exact allegations of the other three affidavits, but adds that "if [he] were made aware of a potential lawsuit [he] would opt-in to join the matter" and he is aware of "an additional potential opt-in, Michael Limberis, who intends on joining this lawsuit if notified." Id. at Exh. E, ¶¶ 6,7. While Ming's affidavit could arguably demonstrate interest by <u>one</u> other dealer to join the case, it cannot do so for Limberis, in that it provides no information as to Limberis' job position or whether and how he is allegedly similarly situated.  In the final analysis, the Plaintiff's Motion fails to demonstrate a reasonable basis for crediting the assertions that others are interested and similarly situated. Accordingly, the Plaintiff's Motion must be denied.

Even if the Court considers Ming's affidavit, the Plaintiff has still failed to meet her burden of establishing that a sufficient number of other employees wish to opt-in to this lawsuit.  "Federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where . . . plaintiffs attempt to certify a broad class based only the conclusory allegations of few employees." <u>Rappaport</u>, 2007 WL 4482581 at *4, n. 3 (listing numerous failed attempts to conditionally certify collective action based upon affidavits of only few employees); <u>accord Simpkins v. Pulte Home Corporation</u>,

2008 WL 3927275, n. 3 M.D. Fla. Aug. 21, 2008);[4] Barten, 2007 WL 2176203 at *3 (identifying only one viable opt-in plaintiff was "simply not sufficient to establish that there are other individuals who would join in this action"); Wombles v. Title Max of Ala., Inc., 2005 WL 3312670, *3 (M.D. Ala. Dec. 7, 2005)(finding that five nearly identical affidavits filed by plaintiffs indicating that they "believe" others desire to join the lawsuit, along with two consent to join forms, were insufficient to establish that other employees desired to opt-in); cf. Howard v. Orange Lake Country Club, Inc., 2008 WL 5263744, *2 (M.D. Fla. Dec. 17, 2008)(granting conditional certification because eleven individuals had submitted affidavits in support of the motion for conditional certification).   Other than the Plaintiff, Ming is only the third dealer showing an interest in joining this case (as stated above, Henninghan and Williams, who submitted affidavits, have already opted in).   Thus, this matter is completely aligned with the numerous decisions finding an insufficient quantum of interested employees and denying collective action status.   The Plaintiff's evidence is simply insufficient to meet her burden, and thus, her Motion should be denied.   See Barten, 2007

---

[4] The Rappaport and Simpkins courts provided many examples of recent cases where conditional certification was denied because of an insufficient quantum of "other employees" such as White, 2006 WL 1722348 at *3-4 (failed attempt to certify company-wide class of cooks based on affidavits of three employees); Gonzales, 2007 WL 1079291 at *3-4 (failed attempt to certify conditional class of hair stylists in stores nationwide based only on affidavits of two local employees); Ulysse v. Divosta Bldg. Corp., 2006 WL 3618449, *2-3 (S.D. Fla. Dec. 11, 2006) (failed attempt to certify class of employees based on only plaintiff's single affidavit containing hearsay and second-hand knowledge); Becker, 2006 WL 3359687 at *3-4 (failed attempt to certify class of employees based on two consent to join forms filed by other employees); Rodgers v. CVS Pharmacy, Inc., 2006 WL 752831, *5 (M.D. Fla. Mar. 23, 2006) (finding that plaintiff's affidavit and affidavits of two other co-workers were insufficient evidence that there were other employees who desired to opt-in to lawsuit).

WL 2176203 at *2 ("certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit").

II.   **IN THE UNLIKELY EVENT THE COURT FINDS THAT NOTICE IS APPROPRIATE, THE COURT SHOULD ALLOW THE DEFENDANT TO SUBMIT A REVISED NOTICE.**

If the Court conditionally certifies a class and decides that it is appropriate to issue notice, which it should not, the Defendant requests the ability to submit a revised notice. The contents of the notice must include, *inter alia*, the allegations of the Complaint, notice of the right to opt-in, time limits on the right to opt-in, and a statement about judicial neutrality. Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989); Douglas v. GE Energy Reuter Stokes, No. 1:07-CV-077, 2007 WL 1341779 (N.D. Ohio, April 30, 2007).

The Plaintiff has submitted a proposed Consent Notice To Become Party Plaintiffs ("Notice") replete with substantive errors and omissions. Specifically, in numerous places within the Notice, the Plaintiff improperly refers to the potential class as "All present and former poker dealers that the Defendant claimed a tip-credit for, who were required to disburse a portion of their tips to *non-tipped employees* of the Defendant." See, e.g., Exh. A at p. 1 (emphasis added). In using such language, the Plaintiff wrongly concludes, and obviously hopes potential opt-ins will as well, that the Defendant's tip pool arrangement is flawed and is distributed to individuals that are not legally entitled to be part of it. That is precisely the issue to be decided in this case, and the Plaintiff's suggested language, that it has already been determined, is prejudicial and presumptuous. The Notice also uses the language "Representative Plaintiffs," or "Plaintiffs" in multiple locations when, in fact, there is only one named Plaintiff. Id. at pp. 1-3. On page 3, the Notice refers to employees' protection against retaliation. There has been no allegation of retaliation in this case and the

very suggestion is inappropriate.   Additionally, there is no mention of the potential time frame for those individuals who could be entitled to receive the notice and choose to opt-in. The notice should clearly identify that the FLSA provides an outside statute of limitations of three years.  <u>See</u> 29 U.S.C. section 255.[5]  Instead, the Plaintiff's Notice purports to be unlimited in time, and does not address that certain individuals' claims may be eliminated based upon the statute of limitations.  Also, there is no date by which the potential opt-ins must return the completed form.  Moreover, the Notice does not reference the possibility that the class will be decertified at a later date.  Finally, it is appropriate to drop the case style caption on the Notice, as it makes the Notice appear more neutral.  <u>See</u> <u>Wajcman v Hartman & Tyner, Inc.</u>, 2008 WL 203579 at *2 (S.D. Fla. 2008) (deleting case style caption in notice).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Plaintiff's Motion should be denied.  Should this Court find that conditional certification is appropriate and notice is warranted, the Defendant requests that this Court permit it to submit a proposed notice that satisfies the legal requirements and addresses deficiencies outlined above.

---

[5] By offering language regarding a three-year limitations period, the Defendant does not agree that such a period is appropriate in this case and does not waive any defenses related thereto.

Respectfully submitted,

s/Joyce Ackerbaum Cox
Joyce Ackerbaum Cox, Esquire
Florida Bar Number:  0090451
jacox@bakerlaw.com
**BAKER & HOSTETLER, LLP**
Post Office Box 112
200 South Orange Avenue
Sun Trust Center, Suite 2300
Orlando, Florida 32802-0112
Phone:  (407) 649-4000
Fax:  (407) 841-0168

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the following:

Chad E. Levy, Esq.
chad@levylevylaw.com
Levy & Levy, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316

Christopher J. Whitelock, Esq.
cjwhitelock@bellsouth.net
Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316

s/Joyce Ackerbaum Cox
Joyce Ackerbaum Cox

601227207.1