# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIM M. BORELLI, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

        **Plaintiffs,**

-vs-                               **Case No.  6:11-cv-1453-Orl-22DAB**

DAYTONA BEACH KENNEL CLUB, INC.,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 52)** |
| **FILED:** | **October 29, 2012** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

This cause came on for consideration upon referral from the District Judge to determine

whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

*See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a

settlement is not one supervised by the Department of Labor, the only other route for compromise of

FLSA claims is provided in the context of suits brought directly by employees against their employer

under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private

action for back wages under the FLSA, and present to the district court a proposed settlement, the

district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353

(citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the

employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights
> under the statute. Thus, when the parties submit a settlement to the court for approval,
> the settlement is more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an employer's overreaching.
> If a settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Id.*  On October 29, 2012, the parties filed their Joint Motion for Approval of Settlement and Release

Agreements, and for Dismissal with Prejudice.  Doc. 52.

Based on Plaintiffs' representations[1] in their Answers to Court Interrogatories and the

allegations in the Complaint, Plaintiffs were employed as poker dealers – non-exempt, "tipped"

employees – for varying periods of time.  Plaintiffs alleged that Defendant improperly claimed a "tip-

credit" for Plaintiffs and illegally paid them below the statutorily required minimum wage under the

FLSA.  Doc. 1. Plaintiffs argued that in order for Defendant to claim a "tip-credit" from them,

Plaintiffs should have been properly notified of the provisions of the tip-credit, and the tips received

by Plaintiffs should have been retained by Plaintiffs or pooled with other "tipped" employees; they

allege the Defendant failed to comply with the "tip-credit" requirements of the FLSA.  Doc. 1.

Plaintiffs contended that Defendant's were not entitled to claim a tip-credit for Plaintiffs and were

---

[1] Plaintiffs refers to the named Plaintiff Kim Borrelli and eight Opt-in Plaintiffs, John Henninghan, Michael Williams, Kenwood Beatty, Michael Limberis, Joshua Ming, John Falzone, Angela Falzone, and Christopher Sparano ("collectively the Plaintiffs").

required to compensate Plaintiffs instead with the minimum wage during the applicable time periods.

Doc. 1.  Defendant argued that it properly operated its tip pool in compliance with the law.  Doc. 52.

The **nine** settling Plaintiffs agreed to settlements of $1,666.68 to each Plaintiff (a total of $15,000.12) as follows: (1) $733.34 to the Plaintiffs (for a total of $6,600.06) in full satisfaction of any alleged back pay; (2) $733.34 to the Plaintiffs for liquidated damages (for a total of $6,600.06); (3) $200.00 for a general release for any claims the Plaintiffs could have brought against the Defendant (for a total of $1,800).  Doc. 52.  Each Plaintiff will receive $1,666.68 *in toto* for his or her claim.  Only three Plaintiffs filed Answers to Court Interrogatories, Borrelli, Henninghan, and Williams, and none listed the total amount of damages claimed because, they explained, they did not have the records in their possession.  Docs. 17, 35, 36.  The other six Plaintiffs actually filed their Notices of Opt-In on October 29, 2012 (Docs. 50, 51), *after* the named Plaintiff had filed a Notice of Settlement on September 13, 2012.  Doc. 44.  At the time of settlement, a Motion to certify class had been filed by Plaintiff (Doc. 34), but the motion was denied as moot by Chief Judge Conway once the notice of settlement was filed.  Doc. 54.

The parties have agreed that Defendant will pay Plaintiff's attorneys $12,999.88 in attorney's fees and costs.  Plaintiffs' attorneys have filed affidavits in support of attorney's fees and costs.  Docs. 52-10, 52-11.  Plaintiff's counsel Chad Levy, Esq. has incurred 31.7 hours of time on the litigation at a rate of $250 per hour, which he has previously been awarded in the Middle District, for a total of $7,925 incurred for attorney's fees and $470 in costs for the filing fee and service of process.  *See* Doc. 52-10.  Plaintiff's counsel Christopher Whitelock, Esq., a seventeen-year employment attorney with experience in "tip-pool" cases, has incurred 18 hours of time on the litigation at a rate of $300 per hour, which he has previously been awarded in the Middle District, for an attorney's fee of $5,400; fees for both attorneys total $13,325.  Doc. 52-11.  The amount of time devoted and the

hourly rates are not unreasonable under the circumstances of this case, which involved a potential collective-action and required more time than the standard FLSA case.  Distributed over the nine settling Plaintiffs, the fee on a per Plaintiff basis is $1,444.45 and reasonable.

Settlement in the amount of $15,000.12 to Plaintiffs for unpaid wages and liquidated damages (with $200 for a general release per individual), and $12,999.88 for attorney's fees and costs is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. It is respectfully **RECOMMENDED** that the parties' Joint Motion for Approval of Settlement and Release Agreements and for Dismissal with Prejudice (Doc. 52) be **GRANTED** and the Clerk be **DIRECTED CLOSE** the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy